Jeffrey I. Kohn (JK 3219)
Eric G. Hoffman (EH 0673)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:     (212) 326-2000
Facsimile:      (212) 326-2061

Attorneys for Defendants
   Sterling Mets, L.P., Jeffrey Wilpon,
   and David Cohen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEZ JACKSON,<br><br>                                Plaintiff,<br><br>             -against-<br><br>STERLING METS, L.P., JEFFREY WILPON<br>and DAVID COHEN,<br><br>                                Defendant. | No. 04 CV 5407 (SJF) (KAM)<br><br>**ANSWER TO COMPLAINT** |

Defendants Sterling Mets, L.P. ("Sterling Mets"), Jeffrey Wilpon, and David Cohen (collectively "Defendants"), by and through their attorneys, O'Melveny & Myers LLP, answer the Complaint in the above-captioned matter by averring, admitting, and denying as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Deny the allegations in Paragraph 1, except admit that Plaintiff purports to bring this action under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. § 1981, the Fair Labor Standards Act of 1938, 29 U.S.C. § 206(d), as amended by the Equal Pay Act, 29 U.S.C. § 206(d), The Civil Rights Act of 1866, 42 U.S.C. § 1981(a), New

York Executive Law §§296 et seq., and the New York City Administrative Code, Title 8, §§8-107 et seq.

  2. Deny the allegations in Paragraph 2, except admit that Plaintiff purports to invoke the Court's jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1343, and pursuant to principles of pendent jurisdiction.

  3. Deny the allegations in Paragraph 3, except admit that Plaintiff purports to invoke venue in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

  4. Deny the allegations in Paragraph 4, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is African-American, and admit that Plaintiff was employed by Sterling Mets.

  5. Admit the allegations in Paragraph 5.

  6. Admit the allegations in Paragraph 6, except deny that Fred Wilpon is the sole owner of Sterling Mets.

  7. Admit the allegations in Paragraph 7.

  8. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

  9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, except deny that a copy of the Notice is attached to the Complaint.

  10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

  11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except admit that Plaintiff was employed by Sterling Mets (which owns and operates the New York Mets baseball team) from April 10, 2000 through November 30, 2002.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except admit that Success Unlimited referred Plaintiff for an interview with Sterling Mets, and deny that Ray Scott offered Plaintiff a position at the Mets.

14. Deny the allegations in Paragraph 14, and aver that Plaintiff reported to David Howard, a member of senior management, and that Plaintiff had supervisory responsibility for approximately seven full and part-time employees.

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16, except admit that Plaintiff assumed management of purchasing, and admit that Robert Mandt remained a Vice President after he no longer managed purchasing.

17. Deny the allegations in Paragraph 17, except admit that Plaintiff undertook responsibility for managing the switchboard and mail room and was eventually named Director of Human Resources and Administration.

18. Deny the allegations in Paragraph 18, except admit that Plaintiff was not promoted to Vice President, and aver that Plaintiff was never promised a promotion to Vice President.

19. Deny the allegations in Paragraph 19.

20. Deny the allegations in Paragraph 20, except admit that Ray Scott received a salary of $91,900 at the time he left the employ of Sterling Mets, and admit that Plaintiff's starting salary was $70,000.

21. Deny the allegations in Paragraph 21, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that all baseball teams received an unspecified memo from the Major League Baseball Commissioner.

22. Deny the allegations in Paragraph 22, except admit that Plaintiff met with Fred Wilpon on or about August 26, 2002.

23. Deny the allegations in Paragraph 23, except admit that Plaintiff stated that she wanted to retain responsibility for purchasing and should be promoted to Vice President.

24. Deny the allegations in Paragraph 24, except admit that Jeffrey Wilpon became Executive Vice President and Chief Operating Officer of Sterling Mets.

25. Deny the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

27. Deny the allegations in Paragraph 27, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that "It became clear to Ms. Jackson that she would never receive the promotion and raise that would befit her experience at skill set."

28. Deny the allegations in Paragraph 28, except admit that on or about September 10, 2002, Mr. Howard briefly stepped out from a meeting in order to ask Plaintiff about human resources policies.

29. Defendants state that the allegations in Paragraph 29 are vague and ambiguous and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 29.

30. Deny the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34, and aver that Mr. Howard informed Plaintiff she would begin reporting to Mr. Cohen.

35. Deny the allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Deny the allegations in Paragraph 38.

39. Deny the allegations in Paragraph 39, except admit that Plaintiff informed Mr. Cohen that an administrative assistant who arrived at 9:30 a.m. had handled the breakfast cereal.

40. Deny the allegations in Paragraph 40.

41. Deny the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42.

43. Deny the allegations in Paragraph 43, except admit that Plaintiff held a class at Shea Stadium with Mr. Cohen's permission, admit that Kevin McCarthy offered to give the class a tour of the field and the Clubhouse, and aver that Mr. Cohen never granted Plaintiff permission to take the class on the field or in the Clubhouse.

44. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in Pargraph 44, except admit that Mr. McCarthy was unable to meet with the class and left the keys for Plaintiff to the doors leading to the field and the Visiting Clubhouse.

45. Deny the allegations in Paragraph 45, and aver that Mr. Cohen generally told Plaintiff that she had acted inappropriately by taking the class on a tour of the Clubhouse in light of the fact that he had not given her permission to do so.

46. Deny the allegations in Paragraph 46, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation with respect to what Plaintiff purports to have later learned.

47. Deny the allegations in Paragraph 47.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49, except admit that Mr. Cohen and Plaintiff met to discuss the proposed dress code.

50. Deny the allegations in Paragraph 50.

51. Defendants state that the allegations in Paragraph 51 are vague and ambiguous and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. Deny the allegations in Paragraph 52, except admit that Steve Phillips had advised Denise Morris that she would not receive a raise, and aver that Mr. Cohen generally told Plaintiff that her disclosure to Ms. Morris of Mr. Phillips' comment was inappropriate.

53. Deny the allegations in Paragraph 53, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation with respect to what Plaintiff purports to have noticed.

54. Deny the allegations in Paragraph 54, except admit that Plaintiff asked for an opportunity to respond in writing, and aver that Mr. Cohen told Plaintiff she was welcome to submit a writing if she so desired.

55. Deny the allegations in Paragraph 55, except admit that on November 26, 2002, Mr. Cohen and Leonard Labita met with Plaintiff, and Mr. Cohen informed her that her employment was being terminated.

56. Deny the allegations in Paragraph 56, except admit that Mr. Cohen stated that he could not trust Plaintiff.

57. Deny the allegations in Paragraph 57.

58. Admit the allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59, except admit that on November 26, 2002, Mr. Cohen gave Plaintiff a letter dated November 26, 2002, respectfully refer the Court to that document for the contents thereof, and to the extent that Paragraph 59 is inconsistent with the letter, Defendants deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60, except admit that Plaintiff did not sign any agreement and that Sterling Mets paid Plaintiff her accrued vacation, respectfully refer the Court to the letter for the contents thereof, and to the extent that Paragraph 60 is inconsistent with the letter, Defendants deny the allegations in Paragraph 60.

61. Defendants state that the allegations in Paragraph 61 are vague and ambiguous and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. Defendants state that the allegations in Paragraph 62 are vague and ambiguous and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63. Deny the allegations in Paragraph 63.

### PLAINTIFF'S FIRST CAUSE OF ACTION
(Race Discrimination – Title VII)

64. To the extent Paragraph 64 states a legal conclusion, no response is required, and to the extent Paragraph 64 requires a response, Defendants deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65.

### PLAINTIFF'S SECOND CAUSE OF ACTION
(Color Discrimination – Title VII)

66. To the extent Paragraph 66 states a legal conclusion, no response is required, and to the extent Paragraph 66 requires a response, Defendants deny the allegations in Paragraph 66.

67. Deny the allegations in Paragraph 67.

### PLAINTIFF'S THIRD CAUSE OF ACTION
(Sex Discrimination – Title VII)

68. To the extent Paragraph 68 states a legal conclusion, no response is required, and to the extent Paragraph 68 requires a response, Defendants deny the allegations in Paragraph 68.

69. Deny the allegations in Paragraph 69.

### PLAINTIFF'S FOURTH CAUSE OF ACTION
(Retaliation – Title VII)

70. To the extent Paragraph 70 states a legal conclusion, no response is required, and to the extent Paragraph 70 requires a response, Defendants deny the allegations in Paragraph 70.

71. Deny the allegations in Paragraph 71.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (42 U.S.C. § 1981)

72. To the extent Paragraph 72 states a legal conclusion, no response is required, and to the extent Paragraph 72 requires a response, Defendants deny the allegations in Paragraph 72.

73. Deny the allegations in Paragraph 73.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Pay Discrimination – Equal Pay Act)

74. To the extent Paragraph 74 states a legal conclusion, no response is required, and to the extent Paragraph 74 requires a response, Defendants deny the allegations in Paragraph 74.

75. Deny the allegations in Paragraph 75.

## PLAINTIFF'S SEVENTH CAUSE OF ACTION
### (Retaliation – Equal Pay Act)

76. To the extent Paragraph 76 states a legal conclusion, no response is required, and to the extent Paragraph 76 requires a response, Defendants deny the allegations in Paragraph 76.

77. Deny the allegations in Paragraph 77.

## PLAINTIFF'S EIGHTH CAUSE OF ACTION
### (Race Discrimination – N.Y.S. Exec. Law)

78. To the extent Paragraph 78 states a legal conclusion, no response is required, and to the extent Paragraph 78 requires a response, Defendants deny the allegations in Paragraph 78.

79. Deny the allegations in Paragraph 79.

## PLAINTIFF'S NINTH CAUSE OF ACTION
### (Color Discrimination – N.Y.S. Exec. Law)

80. To the extent Paragraph 80 states a legal conclusion, no response is required, and to the extent Paragraph 80 requires a response, Defendants deny the allegations in Paragraph 80.

81. Deny the allegations in Paragraph 81.

### PLAINTIFF'S TENTH CAUSE OF ACTION
### (Sex Discrimination – N.Y.S. Exec. Law)

82. To the extent Paragraph 82 states a legal conclusion, no response is required, and to the extent Paragraph 82 requires a response, Defendants deny the allegations in Paragraph 82.

83. Deny the allegations in Paragraph 83.

### PLAINTIFF'S ELEVENTH CAUSE OF ACTION
### (Retaliation – N.Y.S. Exec. Law)

84. To the extent Paragraph 84 states a legal conclusion, no response is required, and to the extent Paragraph 84 requires a response, Defendants deny the allegations in Paragraph 84.

85. Deny the allegations in Paragraph 85.

### PLAINTIFF'S TWELFTH CAUSE OF ACTION
### (Aiding and Abetting Discrimination – N.Y.S. Exec. Law)

86. To the extent Paragraph 86 states a legal conclusion, no response is required, and to the extent Paragraph 86 requires a response, Defendants deny the allegations in Paragraph 86.

87. Deny the allegations in Paragraph 87.

### PLAINTIFF'S THIRTEENTH CAUSE OF ACTION
### (Race Discrimination – N.Y.C. Admin. Code)

88. To the extent Paragraph 88 states a legal conclusion, no response is required, and to the extent Paragraph 88 requires a response, Defendants deny the allegations in Paragraph 88.

89. Deny the allegations in Paragraph 89.

### PLAINTIFF'S FOURTEENTH CAUSE OF ACTION
### (Color Discrimination – N.Y.C. Admin. Code)

90. To the extent Paragraph 90 states a legal conclusion, no response is required, and to the extent Paragraph 90 requires a response, Defendants deny the allegations in Paragraph 90.

91. Deny the allegations in Paragraph 91.

### PLAINTIFF'S FIFTEENTH CAUSE OF ACTION
### (Sex Discrimination – N.Y.C. Admin. Code)

92. To the extent Paragraph 92 states a legal conclusion, no response is required, and to the extent Paragraph 92 requires a response, Defendants deny the allegations in Paragraph 92.

93. Deny the allegations in Paragraph 93.

### PLAINTIFF'S SIXTEENTH CAUSE OF ACTION
### (Retaliation – N.Y.C. Admin. Code)

94. To the extent Paragraph 94 states a legal conclusion, no response is required, and to the extent Paragraph 94 requires a response, Defendants deny the allegations in Paragraph 94.

95. Deny the allegations in Paragraph 95.

### PLAINTIFF'S SEVENTEENTH CAUSE OF ACTION
### (Aiding and Abetting Discrimination – N.Y.C. Admin. Code)

96. To the extent Paragraph 96 states a legal conclusion, no response is required, and to the extent Paragraph 96 requires a response, Defendants deny the allegations in Paragraph 96.

97. Deny the allegations in Paragraph 97.

### PLAINTIFF'S EIGHTEENTH CAUSE OF ACTION
### (Interference with Protected Activity – N.Y.C. Admin. Code)

98. To the extent Paragraph 98 states a legal conclusion, no response is required, and to the extent Paragraph 98 requires a response, Defendants deny the allegations in Paragraph 98.

99. Deny the allegations in Paragraph 99.

### PLAINTIFF'S ALLEGED INJURY AND DAMAGES

100. Deny the allegations is Paragraph 100.

**IN RESPONSE TO PLAINTIFF'S PRAYER
FOR RELIEF HEREIN,
<u>DEFENDANTS RESPOND AND ALLEGE AS FOLLOWS:</u>**

A.  Defendants specifically deny that Plaintiff is entitled to any of the relief requested in her Complaint whether declaratory, monetary, injunctive or otherwise.

B.  Defendants specifically deny that Defendants acted wrongfully or that Plaintiff has been damaged by the acts of Defendants in any manner or amount.

**AS AND FOR ITS DEFENSES HEREIN,
<u>DEFENDANTS ALLEGE AS FOLLOWS:</u>**

**<u>FIRST DEFENSE</u>**

1.  The Complaint fails to state a claim against Defendants upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

2.  The Court lacks jurisdiction over some or all of Plaintiff's claims because, upon information and belief, Plaintiff failed to satisfy the necessary statutory prerequisites and requirements for commencing suit.

**<u>THIRD DEFENSE</u>**

3.  Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**<u>FOURTH DEFENSE</u>**

4.  Sterling Mets had legitimate, non-discriminatory, business reasons for all of its actions, including its decision to terminate Plaintiff's employment.

**<u>FIFTH DEFENSE</u>**

5.  Assuming <u>arguendo</u> (while denying) that Sterling Mets engaged in any unlawful conduct in connection with Plaintiff's employment and/or separation from employment, Sterling

Mets still would have engaged in the same course of conduct based on legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

6. Plaintiff's right to recovery on her claims is barred or limited to the extent that Plaintiff engaged in conduct that would have resulted in Sterling Mets's refusal to offer reemployment to Plaintiff or Sterling Mets's termination of her employment.

## SEVENTH DEFENSE

7. As to any claim by Plaintiff for damages for physical injury, said claim is barred because her exclusive remedy is provided by the applicable workers' compensation statute.

## EIGHTH DEFENSE

8. If Plaintiff suffered any injury as a result of Defendants' actions, although such is not admitted hereby or herein, Plaintiff has a duty to mitigate her damages and, upon information and belief, failed to do so.

## NINTH DEFENSE

9. If Defendants did injure Plaintiff as alleged, although such is not admitted hereby or herein, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

## TENTH DEFENSE

10. Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendants are entitled to recover all costs and attorneys' fees incurred herein based on, inter alia, 42 U.S.C. § 2000e-5(k), the United States Supreme Court's decision in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Sterling Mets, Jeffrey Wilpon, and David Cohen demand judgment as follows:

    A.    Dismissing Plaintiff's Complaint in its entirety;

    B.    Denying any and all of Plaintiff's claims for relief;

    C.    Granting Defendants their costs, disbursements, and attorneys' fees incurred in this action; and

    D.    Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       February 21, 2005

Respectfully submitted:

O'MELVENY & MYERS LLP

  /S/ Eric Hoffman  
Jeffrey I. Kohn (JK 3219)  
Eric G. Hoffman (EH 0673)

Times Square Tower  
7 Times Square  
New York, New York 10036  
212-326-2000  
212-326-2061 Fax

Attorneys for Defendants  
   Sterling Mets, L.P., Jeffrey Wilpon,  
   and David Cohen